UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIAMKE KEYS, *et al.*,                      )
                                            )
              Plaintiffs,                   )
                                            )
       v.                                   )
                                            )    Civil Case Number 01-2619 (RJL)
                                            )
WASHINGTON METROPOLITAN     )
  AREA TRANSIT AUTHORITY,    )
                                            )
              Defendant.                    )

MEMORANDUM OPINION
(September _18_, 2008)

       This matter is before the Court on defendant's motions to exclude the testimony

of plaintiff's expert and to exclude evidence of certain alleged discriminatory acts, and

plaintiffs' motions for reconsideration.  Because the expert testimony will not assist

the trier of fact, and the evidence at issue is insufficiently related to plaintiff's hostile

work environment claim, defendant's motions are GRANTED in part and DENIED in

part.  Plaintiff Keys and former plaintiff Sherri Sims do not provide any new evidence

or argument in support of their reconsideration motions; therefore, those motions are

DENIED.

## BACKGROUND

       Plaintiff Niamke Keys—an employee of the Washington Metropolitan Area

Transit Authority (WMATA)—filed suit pursuant to Title VII and other statutes,

alleging that she is a victim of discrimination, retaliation, and a hostile work environment. On April 27, 2005, the Court dismissed all of plaintiff's claims, except the allegations of gender discrimination and a hostile work environment. The case is set to proceed to trial on these remaining claims.

The defendant made two motions seeking to exclude evidence at trial. The first motion aims to prevent plaintiff from introducing certain evidence at trial; the second argues for the exclusion of the testimony of plaintiff's expert witness.

Plaintiff filed the EEOC complaint that forms the basis of this case on November 22, 2000. Def.'s Mot. to Exclude Evidence of Alleged Discriminatory Acts ("Def. Evid. Mot.") at 2. Originally claiming retaliation, she amended the charge on January 2, 2001 to allege a hostile work environment. *Id.* Plaintiff names three supervisors in her EEOC charge. However, to support her hostile work environment claim, she seeks to introduce evidence of discriminatory treatment by individuals unnamed in the document. Plaintiff's interaction with these other individuals took place in other WMATA offices over the course of her 20 years of employment. *Id.* at 8-10. Defendant insists that these allegations are no longer actionable on their own either because they fall outside the statute of limitations in Title VII or because they were not administratively exhausted. Defendant therefore urges that evidence pertaining to those allegations be excluded from the present case. *Id.* at 8.

Defendant also opposes plaintiff's use of the expert testimony of Bernice Sandler at trial. Plaintiff offers Dr. Sandler's testimony as support for her argument that WMATA failed to take adequate steps to prevent unlawful employment practices

and that WMATA's policies and procedures are deficient.  Pl. Opp. Mot. ¶ 7.

Defendant moved to strike Dr. Sandler's testimony on multiple grounds, arguing that

Dr. Sandler's testimony was no longer relevant because WMATA did not intend to

argue that it had an established sexual harassment policy, that WMATA exercised

reasonable care to prevent and correct sexually harassing behavior, or that the plaintiff

unreasonably failed to take advantage of corrective or preventative opportunities

presented by WMATA.  Def. Mot. to Exclude Test. of Plaintiff's Expert ("Def. Expert

Mot.") at 7.  Defendant argues that because Dr. Sandler's testimony relates only to

these non-relevant issues, it should be stricken.

Plaintiff Keys and former plaintiff Sherri Sims each filed motions for

reconsideration of this Court's earlier decisions.  Keys asks the Court to reconsider its

decision to exclude evidence of the findings from WMATA's Office of Civil Rights

on her complaints of discrimination and retaliation.  Sims moves for reconsideration of

the dismissal of her case.

## ANALYSIS

**I.     Motion to Exclude Expert Testimony**

The Federal Rules of Evidence state that an expert may testify if that testimony

"will assist the trier of fact to understand the evidence or to determine a fact in issue."

Fed. R. Evid. 702.  Under the two-step *Daubert* test, expert testimony must be

excluded if: (1) it is not reliable; or (2) it is not relevant.  *Daubert v. Merrell Dow*

*Pharms., Inc.,* 509 U.S. 579, 597 (1993) (Rule 702 assigns to the trial judge the task of

ensuring "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.").

Assuming that Dr. Sandler's methods and techniques are reliable, the Court finds that the second factor of the *Daubert* test – relevance – is not met in this case. Expert testimony is irrelevant if it has no bearing on any issue in the case, *Halcomb v. Washington Metro. Area Transit Auth.*,.526 F. Supp. 2d 24, 31 (D.D.C. 2007), or if it "relates to matters of common sense" that a jury can decide for itself. *Robertson v. McCloskey*, 676 F. Supp. 351, 353 (D.D.C. 1988); *see also Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962) (a court can exclude expert testimony "if all the primary facts can be accurately and intelligibly described to the jury, and if they . . . are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training . . . .") (internal citations omitted).

The plaintiff offers Dr. Sandler's testimony in support of its allegation that "WMATA failed to take adequate steps to prevent the unlawful employment practices against Plaintiff Keys and regarding the deficiencies of WMATA's policies and procedures with regard to the pervasive work gender discrimination and retaliatory and sexual hostile work environment in the record." Pl. Opp. Mot. ¶ 7. Because this information is neither relevant to the case as it currently stands nor helpful to the trier of fact, it will be excluded.

The evidence is irrelevant because WMATA has represented that it will no longer assert that it had an established sexual harassment policy, that it exercised

reasonable care to prevent and correct sexually harassing behavior, or that the plaintiff

unreasonably failed to take advantage of corrective or preventative opportunities

presented by WMATA. Def. Expert Mot. at 7. In essence, WMATA will not assert

the affirmative defense laid out by the Supreme Court in *Faragher v. Boca Raton*, 524

U.S. 775, 807 (1998). *See also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765

(1998) ("The defense comprises two necessary elements: (a) that the employer

exercised reasonable care to prevent and correct promptly any sexually harassing

behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of

any preventive or corrective opportunities provided by the employer or to avoid harm

otherwise"). In the absence of this affirmative defense, a plaintiff can prove vicarious

liability by showing a supervisor with immediate (or successively higher) authority

over the employee created an actionable hostile work environment. *Faragher*, 524

U.S. at 807. Defendant's sexual harassment policies thus have no relevance to the

plaintiff's case, and the expert's testimony, which sheds light only on topics covered in

the affirmative defense, will be excluded. *See Halcomb*, 526 F. Supp. 2d at 31

(excluding expert testimony that had no bearing on plaintiff's claims).

Moreover, even if the evidence of a sexual harassment policy were relevant to

the case, questions of WMATA's failure to prevent the discrimination or deficiencies

in the sexual harassment policy are readily answerable by the jurors themselves.

Indeed, a jury is capable of comprehending the facts and drawing correct conclusions

about WMATA's actions and policies – or lack thereof – without the assistance of an

expert. In the final analysis, the matter is one of "common sense," *Robertson*, 676 F.

Supp. at 353, and therefore not an area where expert testimony will "assist the trier of fact." Fed. R. Evid. 702.

As Professor Wigmore stated, the admissibility of expert testimony is guided by one essential question: "On *this subject* can a jury from *this person* receive appreciable help?" WIGMORE ON EVIDENCE § 1923 (3d ed. 1940). With respect to Dr. Sandler, the answer in this instance is "no." The Court will therefore exclude her testimony.

## II.     Motion to Exclude Evidence

Evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. A district court has wide discretion to determine the admissibility of evidence, and assessments of the evidence's probative value and dangers are matters "first for the district court's sound judgment." *Sprint/United Mgmt. Co. v. Mendelsohn*, 128 S.Ct. 1140, 1145 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

It is up to the court "to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002). Conduct that "involve[s] the same type of employment actions, occur[s] relatively frequently, and [is] *perpetrated by the same managers*" can be included in a single hostile work environment claim. *Morgan*, 536 U.S. at 120 (emphasis added); *see also Vickers v.*

6

*Powell*, 493 F.3d 186, 199 (D.C. Cir. 2007); *Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 92 (D.D.C. 2007).  Absent a showing that the alleged discriminatory acts of individuals not named in her EEOC charge are part of plaintiff's current hostile work environment claim, evidence of those incidents cannot be included as part of this case.

The plaintiff has failed to show an adequate connection between the conduct alleged in the EEOC charge – which was perpetrated by three named managers – and various other actions spanning twenty years, sixteen supervisors, and several different work sites.  *See Greer v. Paulson*, 505 F.3d 1306, 1314-16 (D.C. Cir. 2007) (a court "cannot infer [continuity of one hostile environment] after the passage of time, particularly [where] the employer has presented evidence of 'intervening action'" such as reassignments to new supervisors and work sites).  Therefore, allegations against supervisors other than those named in the EEOC charge are inadmissible because plaintiff did not show they were part of a single hostile work environment rather than a series of independent, unrelated acts.

WMATA argues that certain acts involving the three managers named in the charge – Ernest Matthews, James Thompson, and Kenneth Morford – are untimely and should also be barred.  The Court disagrees.  Acts that are part of a hostile work environment claim – as all harassing conduct alleged to have been performed by these managers undoubtedly are – and that occurred outside the statutory filing period may be considered "so long as at least one of the acts that contributed to the hostile environment occurs within the filing period." *Vickers*, 493 F.3d at 198.  The plaintiff

7

stated in the EEOC charge that the most recent act of discrimination took place on October 10, 2000, well within the filing period.  Therefore, any acts involving these three managers – whether alleged in the complaint or not – are not time barred and can be presented to the jury.

**III.    Motions for Reconsideration**

Finally, plaintiff Keys and former plaintiff Sherri Sims each move for reconsideration of this Court's past decisions.  Because neither plaintiff provides new evidence or persuasive arguments as to why the Court should not abide by its earlier decisions, both motions are denied.

**CONCLUSION**

For the foregoing reasons, defendant's motion to exclude expert Bernice Sandler's testimony is GRANTED.  Defendant's motion to exclude any evidence of alleged discriminatory acts that are untimely, not exhausted or outside the scope of plaintiff's EEOC charge is GRANTED in part and DENIED in part.  The two motions for reconsideration – one filed by plaintiff Keys, the other by former plaintiff Sims – are also DENIED.

RICHARD J. LEON
United States District Judge