UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NIAMKE KEYS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 01-cv-2619 (RCL) Appeal No. 11-7011 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a request by plaintiff Keys' counsel, made in open Court on September 25, 2012, to amend the trial transcript of the re-direct examination of his client. This request is related to counsel's previous Motion for (1) Production of the Audio Tape Recording of the Keys' Re-Direct Examination of the Trial Proceedings and, (2) That Such Audio Tape of Keys' Re-Direct be Made a Part of the Record on Appeal, July 24, 2012, ECF No. 182. In this motion, counsel for Keys expressed concerns that the completed transcript "contains material errors and omissions regarding the District Court's questioning of Keys during her re-direct examination[.]" Pls.' Mot. for Prodc. 2, July 24, 2012, ECF No. 182. Counsel argued that the audio tape recording was "necessary because material matters regarding the re-direct questioning of Appellant Keys by the District Court are omitted from or misstated in the record by error or accident." *Id.* at 2 (formatting omitted).

The Court denied counsel's request to order the court reporter to turn over her back-up tapes. Mem. Order, Sept. 18, 2012, ECF No. 184. Instead, the court reporter played the back-up

tapes of the re-direct examination in the presence of counsel for plaintiff Keys, along with counsel for defendant, and the Court's Deputy Courtroom Clerk, Robert Elliotte. The Court directed that any dispute regarding any wording of the transcript be brought to the Judge for resolution in open Court. The parties informed the Court that, after reviewing the back-up tapes, they agreed to make ten changes to the transcript. One dispute remained, and the Court heard this dispute at a hearing held on September 25, 2012.

During Ms. Keys' redirect examination, the Court addressed Ms. Keys and stated: "Don't use words like 'assault' if you weren't assault[ed]. 'Treatment' is all right, or the environment you were in, but you were not assaulted and you haven't claimed you were assaulted at your job, right?" Trans. of Jury Trial, Day 2 (Feb. 24, 2011) 78:20–23. The next lines in the transcript come from Mr. Bell—the attorney for Ms. Keys—as he responds: "Yes, Your Honor. May I ask a question to clear this up?" *Id*. at 78:24–25. Keys' counsel contends that there should be added, between the Court's question and Mr. Bell's response, an indication that Ms. Keys did not respond—something along the lines of "THE WITNESS: (No response.)" Counsel for the defendant argues that such an indication would be unnecessary, not in line with general practice, and would unduly highlight one instance of silence over others.

During the hearing, the Court asked about other instances where the court reporter indicated there was "no response." Mr. Bell produced a few examples, but they were all from voir dire. The Court did not find examples from voir dire particularly relevant. In voir dire, for certain questions each member of the jury pool is *not expected* to individually, verbally respond "yes" or "no"—to save time, the Court instead asks the potential jurors to respond if the question applies, and stay silent if not. If the whole group stays silent, then it is appropriate and important that the court reporter indicate "no response" was given. Asked about examples outside of voir

dire, Mr. Bell could not produce any, but assured the Court that there were others. The Court agreed to review the transcripts for other instances where the court reporter indicated that there was "no response," and determine whether adding such an indication would be appropriate here.

After reviewing all of the transcripts, the Court found only three instances—outside of voir dire—wherein a transcript reflects a lack of response. First, during the pretrial conference, the Court asked the attorneys: "All right, anything else you all want [to] do today?" Trans. of Pretrial Conf. (Jan. 31, 2011) 41:16. The transcript indicates that there was "(No response.)" *id*. at 41:17 and the following lines are: "THE COURT: All right, let's talk at the bench off the record for a minute then. You can all come up." *Id*. at 41:20–21. Second, during the cross-examination of Ms. Keys, defendant's counsel asked: "That's the memo from Jerry Blackman we've been talking about?" Trans. of Jury Trial, Day 2 (Feb. 24, 2011) 22:4–5. The transcript indicates: "A. (No response.)" *id*. at 22:6, and the following line is: "Q. Ma'am?" *Id*. at 22:7. Third, also during cross-examination, defendant's counsel asked: "Q. He wrote you a disability slip on October 19th of 1999 that said, 'Keep her out,' meaning Ms. Keys, 'Please keep Ms. Keys out of work for the rest of this month, right?" *Id*. at 53:14–16. The transcript indicates: "A. (No response.)" *id*. at 53:17 and the next line is "Q. Right?" *Id*. at 53:18.

These three instances of "no response" all have something in common: Someone asked a question, received no response from anyone, then continued speaking. The speaker on each side of the "no response" is the same. That is not the case for the portion of the transcript the parties dispute. There, the Court *did receive* a response to its question. Counsel spoke on behalf of his client, and the Court received this response before speaking again. The transcripts do not include indications of "no response" other times counsel answered or objected before the witness could

speak. To indicate as much here would be unnecessary, depart from the court reporter's consistent practices in this case, and unduly emphasize one instance of silence over others.

Therefore, the Court will not order that the transcript of Ms. Keys' re-direct examination be modified to indicate that there was "no response" from Ms. Keys to the Court's question at 78:20–23 of the Transcript of Jury Trial, Day 2 (Feb. 24, 2011). Plaintiff's request, made at the September 25, 2012 hearing, is DENIED.

The Clerk shall promptly transmit a copy of this Order to the Clerk of the Court of Appeals.

IT IS SO ORDERED.

Signed, Royce C. Lamberth, Chief Judge, October 1, 2012